UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DANFOSS, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>             Defendant. | Court No.  23-00214 |

**MOTION TO SET ASIDE DISMISSAL AND REOPEN CASE**

      Plaintiff, Danfoss, LLC, by counsel and pursuant to U.S. Court of International Trade Rule 60(b), respectfully requests the entry of an order that (1) sets aside the Court's order entered on November 4, 2025 ("Dismissal Order") [ECF No. 15], dismissing this case for failure to prosecute; (2) reopen this case; and (3) extend the time in which this case may remain on the Customs Case Management Calendar until October 31, 2026. In support of this motion, Plaintiff states as follows:

      1.     On October 6, 2023, Plaintiff filed a Summons [ECF No. 1] concerning the assessment of Section 301 duties on compressor products imported by Plaintiff. The initial deadline for removing this case from the Customs Case Management Calendar was October 31, 2025.

      2.     For purposes of achieving an efficient resolution, on July 5, 2024, counsel for Plaintiff sent to Defendant a proposal to stipulate that the products at issue in this case are eligible for exclusion from the Section 301 duties. However, counsel for Defendant informed Plaintiff that Defendant is still in the process of reviewing the proposed stipulation.

      3.     Given the circumstances described above, an extension of the time in which this case may remain on the Customs Case Management Calendar would serve the interest of judicial

1

economy by allowing the parties determine whether it will be possible to resolve the issues in this matter without further involvement of the Court.

4. Throughout the course of this action, Plaintiff has worked to determine whether it will be possible to resolve the issues in this matter without further involvement of the Court.

5. However, counsel for Plaintiff overlooked—by virtue of a calendaring mistake—that the deadline for this case is October 31, 2025. As a result, Plaintiff failed to file a timely motion under U.S. Court of International Trade Rule 83(c) to remain on the Customs Case Management Calendar; and on November 4, 2025, the Court issued a Dismissal Order.

6. Rule 60(B) of the Rules of Civil Procedure provides that upon a motion made within a reasonable time, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment."

7. Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365, 1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore, the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

8. Here, all four (4) factors support a finding that Plaintiff's neglect is "excusable" for purposes of Rule 60(b). First, there is no prejudice to Defendant, as Plaintiff's neglect has not caused any material delay in this case. As noted above, shortly after Plaintiff initiated this

litigation, counsel for Plaintiff sent to Defendant a proposal to stipulate that the products at issue in this case are eligible for exclusion from the Section 301 duties, and Defendant is still in the process of reviewing the proposed stipulation to determine whether a resolution of this case, without further involvement of the Court, is feasible.

9. Second, the length of delay here is minimal and, again, has not caused any material delay in this case. As described above, after receiving the Dismissal Order, counsel for Plaintiff contacted counsel for Defendant to notify them of Plaintiff's intent to file a motion to reopen this case. Plaintiff continued to act diligently, as it filed this motion shortly after entry of the Dismissal Order.

10. Third, Plaintiff's failure to file a timely motion to extend the time for the above referenced case to remain on the Customs Case Management Calendar was purely the result of a mistake and inadvertence, whereby counsel's normal procedures for calendaring relevant deadlines established by the Court were not followed due to an oversight.

11. Fourth, Plaintiff has, at all times in these proceedings, acted in good faith. Since filings the Summons, Plaintiff, by counsel, has worked diligently to determine whether a resolution to this case is possible without the intervention of the Court.

12. For all these reasons, Plaintiff believes there is ample support for a finding that Plaintiff's neglect is "excusable" for purposes of Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Order in the interests of justice.

13. On November 5, 2025, counsel for Plaintiff contacted Edward F. Kenny, counsel for Defendant, and he stated Defendant's position on the relief requested in this motion is to defer to the Court, but he noted that Defendant will not be prejudiced by the case being reinstated.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order that (1) sets aside the Court's Order entered on November 4, 2025, dismissing the above-referenced case for failure to prosecute; (2) reopen this case; and (3) extend the period in which this case remains on the Customs Case Management Calendar until October 31, 2026, to allow the parties additional time to determine whether it will be possible to resolve this case without further involvement of the Court.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
320 S. Canal Street, Suite 3300
Chicago, IL  60606
(312) 569-1157

Dated: November 6, 2025

*/s/ Wm. Randolph Rucker*
Wm. Randolph Rucker


Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
320 S. Canal Street, Suite 3300
Chicago, IL  60606
(312) 569-1157

Dated: November 6, 2025

*/s/ Wm. Randolph Rucker*
Wm. Randolph Rucker

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on November 6, 2025, with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record for Defendant:

Edward F. Kenny
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
26 Federal Plaza
Room 346
New York, NY 10278
edward.kenny@usdoj.gov

                                                                          */s/ Wm. Randolph Rucker*
                                                                          Wm. Randolph Rucker